UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY WATTS, | ) | CASE NO.: 4:25-CV-00049 |
| | ) | |
| Plaintiff, | ) | JUDGE: SARA LIOI |
| | ) | |
| vs. | ) | **DEFENDANTS CITY OF WARREN,** |
| | ) | **OHIO AND NICHOLAS CARNEY'S** |
| BON SECOURS MERCY HEALTH, et al., | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |

Now come Defendants, City of Warren, Ohio and Nicholas Carney, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiff's Complaint state as follows:

1. Defendants deny or deny for want of information Paragraphs 1, 2, 3, 4, 5, 6, and 7 of the Complaint.

2. In response to Paragraph 8, Defendants admit that the Warren Police Department received a call on September 22, 2023, reporting that Plaintiff had a home birth and was unsure if the baby was alive or not. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraph 8.

3. Defendants deny or deny for want of information Paragraph 9 of the Complaint.

4. In response to Paragraph 10, Defendants admit that a criminal investigation was conducted regarding Plaintiff's baby, including a consensual interview, and that the investigation resulted in Plaintiff's arrest on October 5, 2023. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraph 10.

5. In response to Paragraph 11, Defendants admit that following a preliminary hearing that determined probable cause, the grand jury declined to return an indictment against Plaintiff. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraph 11.

6. Defendants deny or deny for want of information Paragraph 12 of the Complaint.

7. In response to Paragraphs 13, 14, and 15 Defendants admit that venue and jurisdiction for this case are proper in the United States District Court for the Northern District of Ohio. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraphs 13, 14, and 15.

8. In response to Paragraph 16, Defendants admit that Plaintiff was charged with a crime following an investigation. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained Paragraph 16.

9. In response to Paragraphs 17 and 18, Defendants admit that Defendant City of Warren is a municipal corporation in the State of Ohio and Defendant Nicholas Carney was employed as a police officer/detective with the City of Warren at all material times contained within the Complaint. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraphs 17 and 18.

10. Defendants deny or deny for want of information Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56 of the Complaint.

11. In response to Paragraph 57, Defendants admit that Defendant Nicholas Carney was dispatched to St. Joseph Warren Hospital to investigate alleged criminal conduct, which

resulted in the consensual interview of Plaintiff. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraph 57.

12. Defendants deny or deny for want of information Paragraph 58 of the Complaint.

13. In response to Paragraph 59, Defendants admit that Plaintiff was in a hospital gown and in a hospital bed during the consensual interview. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraph 59.

14. Defendants deny or deny for want of information Paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70 of the Complaint.

15. In response to Paragraph 71, Defendants state that the autopsy speaks for itself. Further answering, Defendant deny all liability and deny or deny for want of information all other allegations contained in Paragraph 71.

16. Defendants deny or deny for want of information Paragraphs 72 and 73 of the Complaint.

17. In response to Paragraph 74, Defendants admit Defendant Carney responded to Plaintiff's home and placed her under arrest, pursuant to an arrest warrant, on October 5, 2023. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in Paragraph 74.

18. Defendants deny or deny for want of information Paragraphs 75, 76, 77, 78, 79, 80, 81, 82, and 83 of the Complaint.

19. Defendants deny or deny for want of information Paragraphs 84, 85, 86, 87, 88, 89, 90, 91, 92, and 93 of the Complaint.

20. In response to the allegations contained in Paragraph 94 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

21. Defendants deny or deny for want of information Paragraphs 95, 96, 97, 98, 99, 100, 101, and 102 of the Complaint.

22. In response to the allegations contained in Paragraph 103 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

23. Defendants deny or deny for want of information Paragraphs 104, 105, and 106 of the Complaint.

24. In response to the allegations contained in Paragraph 107 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

25. Defendants deny or deny for want of information Paragraphs 108 and 109 of the Complaint.

26. In response to the allegations contained in Paragraph 110 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

27. Defendants deny or deny for want of information Paragraphs 111, 112, 113, 114, and 115 of the Complaint.

28. In response to the allegations contained in Paragraph 116 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

29. Defendants deny or deny for want of information Paragraphs 117, 118, 119, 120, 121, 122, 123, 124, and 125 of the Complaint.

30. In response to the allegations contained in Paragraph 126 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

31. Defendants deny or deny for want of information Paragraphs 127, 128, 129, 130, 131, 132, 133, and 134 of the Complaint.

32. In response to the allegations contained in Paragraph 135 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

33. Defendants deny or deny for want of information Paragraphs 136, 137, and 138 of the Complaint.

34. In response to the allegations contained in Paragraph 139 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

35. Defendants deny or deny for want of information Paragraphs 140, 141, and 142 of the Complaint.

36. In response to the allegations contained in Paragraph 143 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

37. Defendants deny or deny for want of information Paragraphs 144, 145, 146, 147, 148, 149, 150, and 151 of the Complaint.

38. In response to the allegations contained in Paragraph 152 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

39. Defendants deny or deny for want of information Paragraphs 153, 154, 155, and 156 of the Complaint.

40. In response to the allegations contained in Paragraph 157 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

41. Defendants deny or deny for want of information Paragraphs 158 and 159 of the Complaint.

42. In response to the allegations contained in Paragraph 160 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

43. Defendants deny or deny for want of information Paragraphs 161 and 162 of the Complaint.

44. In response to Paragraph 163, Defendants admit that Defendant Carney was employed as a police officer/detective with the City of Warren at all material times. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 163.

45. Defendants deny or deny for want of information Paragraph 164 of the Complaint.

46. In response to the allegations contained in Paragraph 165 of Plaintiff's Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

47. In response to Paragraph 166, Defendants state that Ohio law speaks for itself. Further answering, Defendants deny or deny for want of information all other allegations contained in Paragraphs 166.

48. In response to Paragraph 167 and 168, Defendants admit that Defendant Carney was employed as a police officer/detective with the City of Warren at all material times. Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in said Paragraphs 167 and 168.

49. Defendants deny any and all allegations contained in Plaintiff's Complaint not expressly admitted being true herein

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

50. Plaintiff's Complaint fails to state a claim upon which relief can be granted in some or all respects.

**SECOND DEFENSE**

51. Any injuries or damages suffered by Plaintiff were solely and proximately caused by the acts or omissions of persons or entities for which these Defendants have no legal responsibility.

**THIRD DEFENSE**

52. These Defendants are entitled to all defenses, immunities, and damage restrictions contained in Ohio Revised Code Chapter 2744 and/or Ohio common law by reason of their status as a political subdivision or employees of a political subdivision.

**FOURTH DEFENSE**

53. Any injuries or damages suffered by Plaintiff were solely and proximately caused by intervening and/or superseding causes for which these Defendants bear no responsibility.

**FIFTH DEFENSE**

54. Defendant acted and relied on the advice of counsel in good faith after full disclosure of all relevant facts.

**SIXTH DEFENSE**

55. Plaintiff has failed to join necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

56. Contributory negligence and/or implied assumption of the risk.

**EIGHTH DEFENSE**

57. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**NINTH DEFENSE**

58. These Defendants acted at all times material herein in good faith and with probable cause and are entitled to good faith/qualified immunity from all claims presented in this lawsuit.

**TENTH DEFENSE**

59. Qualified good faith immunity.

**ELEVENTH DEFENSE**

60. Collateral estoppel/Res Judicata.

**TWELFTH DEFENSE**

61. Judicial estoppel.

**THIRTEENTH DEFENSE**

62. Consent and/or waiver.

**FOURTEENTH DEFENSE**

63. These Defendants reserve the right to add additional affirmative defenses, such as they become known throughout this case

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

    Respectfully submitted,

    MAZANEC, RASKIN & RYDER CO., L.P.A.

    *s/John D. Pinzone*
    JOHN D. PINZONE  (0075279)
    JILLIAN ECKART (0088770)
    ZACHARY W. ANDERSON (0095921)
    100 Franklin's Row
    34305 Solon Road
    Cleveland, OH  44139
    P. (440) 248-7906
    F. (440) 248-8861
    Email:   jpinzone@mrrlaw.com
                jeckart@mrrlaw.com
                zanderson@mrrlaw.com

OF COUNSEL:   JAMES E. SANDERS (0022033)
                       City of Warren, Law Director
                       391 Mahoning Avenue, NW

        Warren, OH  44483
        P. (330) 841-2605
        F. (330) 841-2906
        Email:  jsanders@warren.org

*Counsel for Defendants City of Warren, Ohio and Nicholas Carney*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

        *s/John D. Pinzone*
        JOHN D. PINZONE  (0075279)
        JILLIAN ECKART (0088770)
        ZACHARY W. ANDERSON  (0095921)

        *Counsel for Defendants City of Warren, Ohio and Nicholas Carney*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, a copy of the foregoing ***Defendants City of Warren, Ohio and Nicholas Carney's Answer to Plaintiff's Complaint*** was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        *s/John D. Pinzone*
        JOHN D. PINZONE  (0075279)
        JILLIAN ECKART (0088770)
        ZACHARY W. ANDERSON  (0095921)

        *Counsel for Defendants City of Warren, Ohio and Nicholas Carney*