## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY WATTS | ) | CASE NO. 4:25-cv-00049 |
| | ) | |
| Plaintiff | ) | JUDGE SARAH LIOI |
| | ) | |
| v. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT ON BEHALF OF** |
| | ) | **DEFENDANTS BON SECOURS** |
| BON SECOURS MERCY HEALTH, | ) | **MERCY HEALTH, MERCY HEALTH** |
| *et al.,* | ) | **YOUNGSTOWN LLC D/B/A ST.** |
| | ) | **JOSEPH WARREN HOSPITAL,** |
| Defendants. | ) | **CONNIE MOSCHELL, JORDAN** |
| | ) | **CARRINO, AND PARISA KHAVARI** |
| | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |
| | ) | |

Defendants Bon Secours Mercy Health, Mercy Health Youngstown LLC d/b/a St. Joseph Warren Hospital, Connie Moschell, Jordan Carrino and Parisa Khavari, (hereinafter "These Answering Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint state as follows:

## SPECIFIC COMPLAINT RESPONSES

1.     These Answering Defendants deny for want of knowledge  the allegations as contained within Paragraph 1 of Plaintiff's Complaint. These Answering Defendants deny Brittany Watts did not receive proper medical care, deprivation of the medical care she requested and was entitled to, caused her to be falsely charged with a felony or was harmed by These Answering Defendants.

## INTRODUCTION

2.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.      These Answering Defendants admit on September 19, 2023, Ms. Watts was about 21 weeks pregnant; That day Ms. Watts started experiencing pain and bleeding and went to St. Joseph Warren Hospital seeking care; There, doctors told her she had developed a condition called placental abruption which endangered her pregnancy.  These Answering Defendants deny the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.      These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 4 of Plaintiff's Complaint but admit physicians told Ms. Watts that she needed to remain in the hospital.

5.      These Answering Defendants deny the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.      These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.      These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.      These Answering Defendants admit Ms. Watts returned to St. Joseph Warren Hospital a third time, deny without knowledge Ms. Watts's mental state, and deny the remaining allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.      These Answering Defendants deny the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.      These Answering Defendants deny the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.      These Answering Defendants admit the grand jury declined an indictment but deny the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.     These Answering Defendants deny the allegations contained within Paragraph 12 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

13.     These Answering Defendants deny Plaintiff is entitled to recovery under the United States Constitution and 42 U.S.C. § 1983; the federal Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd; and Ohio law.

14.     These Answering Defendants admit the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.     These Answering Defendants admit venue is proper and deny the remaining allegations contained within Paragraph 15 of Plaintiff's Complaint.

## PARTIES

16.     These Answering Defendants deny for want of knowledge  Plaintiff Brittany Watts is an Ohio resident and nursing student.  These Answering Defendants deny the remaining allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.     These Answering Defendants deny the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.     These Answering Defendants admit St. Joseph Warren Hospital has an emergency department and accepts Medicare funds and deny the remaining allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.     These Answering Defendants deny the allegations contained within Paragraph 21 of Plaintiff's Complaint.

**ALLEGATIONS**

22.     These Answering Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.     These Answering Defendants admit the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.     These Answering Defendants deny the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.     These Answering Defendants admit Ms. Watts left St. Joseph Hospital against medical advice and deny for want of knowledge the remaining allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.     These Answering Defendants admit Ms. Watts returned to St. Joseph Warren Hospital at around 8:30 a.m. and deny the remaining allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.     These Answering Defendants admit Ms. Watts had developed premature rupture of membranes and deny the remaining allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.     These Answering Defendants admit that Ms. Watts's medical records state she had an elevated white blood cell count and advanced cervical dilatation and deny the remaining allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.     These Answering Defendants admit Ms. Watts was told the baby was too early from a gestational age for any reasonable chance of survival as alleged within Paragraph 30 of Plaintiff's Complaint.

31.     These Answering Defendants deny the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.     These Answering Defendants admit Ms. Watts's treating medical staff would have reviewed Ms. Watts's medical records.

33.     These Answering Defendants deny the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.     These Answering Defendants admit that no doctor offered Ms. Watts a D&E, nor inform her that she could obtain one at another facility and deny the remaining allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.     These Answering Defendants admit Dr. Stewart recommended induction of labor, documented proceeding with treatment before Ms. Watts was on "death's door," and that a delay could increase the risk of hemorrhage and/or sepsis, and further admit the treatment plan was not initiated or completed because Ms. Watts left St. Joseph Warren Hospital a second time against medical advice.

36.     These Answering Defendants deny the allegations contained within Paragraph 36 of Plaintiff's Complaint.

37.     These Answering Defendants admit Plaintiff was not induced because she left St. Joseph Hospital a second time against medical advice and deny any other allegation contained within Paragraph 37 of Plaintiff's Complaint.

38.     These Answering Defendants admit the baby had an unlikely chance of survival and deny the remaining allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.     These Answering Defendants deny Plaintiff received no treatment and admit Plaintiff left St. Joseph Hospital a second time against medical advice after being told she was at risk for complications.  Further, Defendants deny any other allegations in Paragraph 39 of Plaintiff's Complaint.

40.     These Answering Defendants deny the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.     These Answering Defendants admit Plaintiff did not give her healthcare providers an opportunity to advise her on what the fetus would look like if she delivered at home because she left St. Joseph Hospital a second time against medical advice.

42.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 42 of Plaintiff's Complaint.

43.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 44 of Plaintiff's Complaint.

45.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 45 of Plaintiff's Complaint.

46.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 46 of Plaintiff's Complaint.

47.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 47 of Plaintiff's Complaint.

48.     These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 48 of Plaintiff's Complaint.

49.     These Answering Defendants admit Ms. Watts was admitted to St. Joseph Warren Hospital for a third time and deny for want of knowledge the remaining allegations contained within Paragraph 49 of Plaintiff's Complaint.

50.     These Answering Defendants deny the allegations contained within Paragraph 50 of Plaintiff's Complaint.

51.     These Answering Defendants admit Nurse Moschell contacted the risk management department and deny the remaining allegations contained within Paragraph 51 of Plaintiff's Complaint.

52.     These Answering Defendants admit Nurse Carrino documented that Ms. Watts told her that "the baby was 'not moving or making any noise' so she placed it in a bucket behind the trash can" and deny the remaining allegations contained within Paragraph 52 of Plaintiff's Complaint.

53.     These Answering Defendants deny the allegations contained within Paragraph 53 of Plaintiff's Complaint.

54.     These Answering Defendants deny the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55.     These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 55 of Plaintiff's Complaint.

56.     These Answering Defendants deny the allegations contained within Paragraph 56 of Plaintiff's Complaint.

57.     These Answering Defendants deny the allegations contained within Paragraph 57 of Plaintiff's Complaint.

58.     These Answering Defendants deny the allegations contained within Paragraph 58 of Plaintiff's Complaint.

59.     These Answering Defendants admit Defendant Moschell asked Plaintiff questions while in St. Joseph Warren Hospital and deny for want of knowledge the remaining allegations contained within Paragraph 59 of Plaintiff's Complaint.

60.     These Answering Defendants deny the allegations contained within Paragraph 60 of Plaintiff's Complaint.

61.     These Answering Defendants deny the allegations contained within Paragraph 61 of Plaintiff's Complaint.

62.     These Answering Defendants deny the allegations contained within Paragraph 62 of Plaintiff's Complaint.

63.     These Answering Defendants deny the allegations contained within Paragraph 63 of Plaintiff's Complaint.

64.     These Answering Defendants deny the allegations contained within Paragraph 64 of Plaintiff's Complaint.

65.     These Answering Defendants deny the allegations contained within Paragraph 65 of Plaintiff's Complaint.

66.     These Answering Defendants deny the allegations contained within Paragraph 66 of Plaintiff's Complaint.

67.     These Answering Defendants deny the allegations contained within Paragraph 67 of Plaintiff's Complaint.

68.     These Answering Defendants deny the allegations contained within Paragraph 68 of Plaintiff's Complaint.

69.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 69 of Plaintiff's Complaint.

70.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 70 of Plaintiff's Complaint.

71.     These Answering Defendants admit the autopsy stated the cause of death was prolonged intrauterine fetal demise and deny for want of knowledge the remaining allegations contained within Paragraph 71 of Plaintiff's Complaint.

72.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 72 of Plaintiff's Complaint.

73.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 73 of Plaintiff's Complaint.

74.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 74 of Plaintiff's Complaint.

75.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 75 of Plaintiff's Complaint.

76.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 76 of Plaintiff's Complaint.

77.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 77 of Plaintiff's Complaint.

78.     These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 78 of Plaintiff's Complaint.

79.      These Answering Defendants deny the allegations contained within Paragraph 79 of Plaintiff's Complaint.

80.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 80 of Plaintiff's Complaint.

81.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 81 of Plaintiff's Complaint.

82.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 82 of Plaintiff's Complaint.

83.      These Answering Defendants deny the allegations contained within Paragraph 83 of Plaintiff's Complaint.

84.      These Answering Defendants deny the allegations contained within Paragraph 84 of Plaintiff's Complaint.

85.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 85 of Plaintiff's Complaint.

86.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 86 of Plaintiff's Complaint.

87.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 87 of Plaintiff's Complaint.

88.      These Answering Defendants admit on January 11, 2024, a grand jury declined to indict Ms. Watts and deny for want of knowledge the remaining allegations contained within Paragraph 88 of Plaintiff's Complaint.

89.      These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 89 of Plaintiff's Complaint.

90.     These Answering Defendants deny the allegations contained within Paragraph 90 of Plaintiff's Complaint.

91.     These Answering Defendants deny the allegations contained within Paragraph 91 of Plaintiff's Complaint.

92.     These Answering Defendants deny the allegations contained within Paragraph 92 of Plaintiff's Complaint.

93.     These Answering Defendants deny the allegations contained within Paragraph 93 of Plaintiff's Complaint.

## **CLAIMS**

### **COUNT I – Fourth and Fourteenth Amendments – False Arrest and Prosecution without Probable Cause – 42 U.S.C. § 1983**
**(against CARNEY, MOSCHELL, and CARRINO)**

94.     In response to Paragraph 94 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 93 of this Answer.

95.     These Answering Defendants deny the allegations contained within Paragraph 95 of Plaintiff's Complaint.

96.     These Answering Defendants deny the allegations contained within Paragraph 96 of Plaintiff's Complaint.

97.     These Answering Defendants deny the allegations contained within Paragraph 97 of Plaintiff's Complaint.

98.     These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 98 of Plaintiff's Complaint.

99.     These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 99 of Plaintiff's Complaint.

100.    These Answering Defendants deny the allegations contained within Paragraph 100 of Plaintiff's Complaint.

101.    These Answering Defendants admit a grand jury did not indict Ms. Watts after a judge ruled there was probable cause to believe Ms. Watts committed a crime.

102.    These Answering Defendants deny the allegations contained within Paragraph 102 of Plaintiff's Complaint.

**COUNT II – Fifth and Fourteenth Amendments –
Unconstitutional Interrogation – 42 U.S.C. § 1983**
(against CARNEY and MOSCHELL)

103.    In response to Paragraph 103 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 102 of this Answer.

104.    These Answering Defendants deny the allegations contained within Paragraph 104 of Plaintiff's Complaint.

105.    These Answering Defendants deny the allegations contained within Paragraph 105 of Plaintiff's Complaint.

106.    These Answering Defendants deny the allegations contained within Paragraph 106 of Plaintiff's Complaint.

**COUNT III – Fourteenth Amendment – Due Process – 42 U.S.C. §1983**
(against CARNEY, MOSCHELL, and CARRINO)

107.    In response to Paragraph 107 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 106 of this Answer.

108.    These Answering Defendants deny the allegations contained within Paragraph 108 of Plaintiff's Complaint.

109.    These Answering Defendants deny the allegations contained within Paragraph 109 of Plaintiff's Complaint.

## COUNT IV – Conspiracy – 42 U.S.C. §1983
### (against CARNEY, MOSCHELL, and CARRINO)

110.　In response to Paragraph 110 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 109 of this Answer.

111.　These Answering Defendants deny the allegations contained within Paragraph 111 of Plaintiff's Complaint.

112.　These Answering Defendants deny the allegations contained within Paragraph 112 of Plaintiff's Complaint.

113.　These Answering Defendants deny the allegations contained within Paragraph 113 of Plaintiff's Complaint.

114.　These Answering Defendants deny the allegations contained within Paragraph 114 of Plaintiff's Complaint.

115.　These Answering Defendants deny the allegations contained within Paragraph 115 of Plaintiff's Complaint.

## COUNT V – EMTALA Violation
### (against BON SECOURS MERCY HEALTH and ST. JOSEPH WARREN HOSPITAL)

116.　In response to Paragraph 116 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 115 of this Answer.

117.　These Answering Defendants admit Congress enacted Emergency Medical Treatment and Labor Act in 1986 and deny the remaining allegations contained within Paragraph 117 of Plaintiff's Complaint.

118.　These Answering Defendants admit the allegations contained within Paragraph 118 of Plaintiff's Complaint.

119.    These Answering Defendants admit St. Joseph Warren Hospital has an emergency department as alleged in Paragraph 119 of Plaintiff's Complaint and deny that Ms. Watts presented to the St. Joseph Warren Hospital emergency department on either September 19, 2023, or September 20, 2023.

120.    These Answering Defendants admit the allegations contained within Paragraph 120 of Plaintiff's Complaint.

121.    These Answering Defendants admit the allegations contained within Paragraph 121 of Plaintiff's Complaint.

122.    These Answering Defendants deny the allegations contained within Paragraph 122 of Plaintiff's Complaint.

123.    These Answering Defendants deny the allegations contained within Paragraph 123 of Plaintiff's Complaint.

124.    These Answering Defendants deny the allegations contained within Paragraph 124 of Plaintiff's Complaint.

125.    These Answering Defendants deny the allegations contained within Paragraph 125 of Plaintiff's Complaint.

**COUNT VI – State Law Claim – Malicious Prosecution**
(against MOSCHELL, CARNEY and CARRINO)

126.    In response to Paragraph 126 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 125 of this Answer.

127.    These Answering Defendants deny the allegations contained within Paragraph 127 of Plaintiff's Complaint.

128.    These Answering Defendants deny the allegations contained within Paragraph 128 of Plaintiff's Complaint.

129.    These Answering Defendants deny the allegations contained within Paragraph 129 of Plaintiff's Complaint.

130.    These Answering Defendants deny the allegations contained within Paragraph 130 of Plaintiff's Complaint.

131.    These Answering Defendants deny the allegations contained within Paragraph 131 of Plaintiff's Complaint.

132.    These Answering Defendants admit a grand jury did not indict Ms. Watts after a judge ruled there was probable cause to believe Ms. Watts committed a crime.

133.    These Answering Defendants deny the allegations contained within Paragraph 133 of Plaintiff's Complaint.

134.    These Answering Defendants deny the allegations contained within Paragraph 134 of Plaintiff's Complaint.

**COUNT VII – State Law Claim – Intentional Infliction of Emotional Distress**
(against CARNEY, MOSCHELL, and CARRINO)

135.    In response to Paragraph 135 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 134 of this Answer.

136.    These Answering Defendants deny the allegations contained within Paragraph 136 of Plaintiff's Complaint.

137.    These Answering Defendants deny the allegations contained within Paragraph 137 of Plaintiff's Complaint.

138.    These Answering Defendants deny the allegations contained within Paragraph 138 of Plaintiff's Complaint.

**COUNT VIII – State Law Claim – Intentional Infliction of Emotional Distress**
(against KHAVARI)

139.    In response to Paragraph 139 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 138 of this Answer.

140.    These Answering Defendants deny the allegations contained within Paragraph 140 of Plaintiff's Complaint.

141.    These Answering Defendants deny the allegations contained within Paragraph 141 of Plaintiff's Complaint.

142.    These Answering Defendants deny the allegations contained within Paragraph 142 of Plaintiff's Complaint.

**COUNT IX – State Law Claim – Negligent Infliction of Emotional Distress**
(against KHAVARI)

143.    In response to Paragraph 143 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 142 of this Answer.

144.    These Answering Defendants deny the allegations contained within Paragraph 144 of Plaintiff's Complaint.

145.    These Answering Defendants deny the allegations contained within Paragraph 145 of Plaintiff's Complaint.

146.    These Answering Defendants deny the allegations contained within Paragraph 146 of Plaintiff's Complaint.

**COUNT X – State Law Claim – Medical Negligence**
(against KHAVARI)

147.    These Answering Defendants deny the allegations contained within Paragraph 147 of Plaintiff's Complaint.

148.     These Answering Defendants deny the allegations contained within Paragraph 148 of Plaintiff's Complaint.

149.     These Answering Defendants deny the allegations contained within Paragraph 149 of Plaintiff's Complaint.

150.     These Answering Defendants deny the allegations contained within Paragraph 150 of Plaintiff's Complaint.

151.     These Answering Defendants deny Defendant Khavari's breeches [sic] of the standard of care are attested to in the affidavit, attached to Plaintiff's Complaint, from a highly qualified obstetrician-gynecologist.

### COUNT XI – State Law Claim –
### Unauthorized Disclosure of Confidential Medical Information
(against BON SECOURS MERCY HEALTH, ST. JOSEPH WARREN HOSPITAL, MOSCHELL and CARRINO)

152.     In response to Paragraph 152 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 151 of this Answer.

153.     These Answering Defendants deny the allegations contained within Paragraph 153 of Plaintiff's Complaint.

154.     These Answering Defendants deny the allegations contained within Paragraph 154 of Plaintiff's Complaint.

155.     These Answering Defendants deny the allegations contained within Paragraph 155 of Plaintiff's Complaint.

156.     These Answering Defendants deny the allegations contained within Paragraph 156 of Plaintiff's Complaint.

**COUNT XII – State Law Claim – Conspiracy**
(against CARNEY, MOSCHELL and CARRINO)

157.    In response to Paragraph 157 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 156 of this Answer.

158.    These Answering Defendants deny the allegations contained within Paragraph 158 of Plaintiff's Complaint.

159.    These Answering Defendants deny the allegations contained within Paragraph 159 of Plaintiff's Complaint.

**COUNT XIII – State Law Claim – *Respondeat Superior***
(against ST. JOSEPH WARREN HOSPITAL, BON SECOURS MERCY HEALTH, and CITY OF WARREN)

160.    In response to Paragraph 160 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 159 of this Answer.

161.    These Answering Defendants deny the allegations contained within Paragraph 161 of Plaintiff's Complaint.

162.    These Answering Defendants deny the allegations contained within Paragraph 162 of Plaintiff's Complaint.

163.    These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 163 of Plaintiff's Complaint.

164.    These Answering Defendants deny for want of knowledge  the allegations contained within Paragraph 164 of Plaintiff's Complaint.

**COUNT XIV – State Law Claim – Indemnification**
(against CITY OF WARREN)

165.    In response to Paragraph 166 of Plaintiff's Complaint, These Answering Defendants incorporate by reference Paragraphs 1 through 164 of this Answer.

166.    These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 166 of Plaintiff's Complaint.

167.    These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 167 of Plaintiff's Complaint.

168.    These Answering Defendants deny for want of knowledge   the allegations contained within Paragraph 168 of Plaintiff's Complaint.

169.    These Answering Defendants deny all allegations not specifically herein admitted to be true.

## **AFFIRMATIVE DEFENSES**

1.      On September 19, 2023, Plaintiff left St. Joseph Hospital against medical advice and executed a Release which released Defendants from any claims for damages for Plaintiff's conduct in leaving St. Joseph Warren Hospital against medical advice.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff failed to issue an appropriate letter to Defendants advising Defendants of anticipated litigation.

4.      Plaintiff's claims are barred by the doctrines of release, waiver, accord and satisfaction, estoppel, equitable estoppel, judicial estoppel, collateral estoppel, and/or *res judicata*.

5.      All allegations contained in the Plaintiff's Complaint, not expressly admitted, are hereby denied.

6.      Plaintiff's claims are barred by the doctrine of laches.

7.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8.      Plaintiff's claims for damages violates the due process clauses of the federal and Ohio constitutions.

9.      Some or all of the claims set forth in Plaintiff's Complaint filed herein are barred by an intervening and/or superseding cause thereby relieving these Defendants of any and all responsibility.

10.     The damages complained of by Plaintiff, if any, were the direct and proximate result of the liability of other persons and/or parties and/or entities, other than these Defendants and as a result there of the right of recovery of Plaintiff against these Defendants must be diminished in whole or in part accordingly.

11.     To the extent these Defendants are alleged to have engaged in some type of conspiracy, which is denied, the Defendants would enjoy an absolute, and/or qualified immunity, including statutory immunity under R.C. 2307.22 *et. seq.*

12.     To the extent these Defendants are accused of being state actors, which is denied, the immunities, defenses, limitations, and damages set forth in Chapter 2744 of the Ohio Revised Code and other applicable statutory and common law immunity defenses bar the claims.

13.     Any allocation of fault by a trier of fact must be consistent with R.C. 2307.22 *et. seq.*, R.C. 2307.23, *et. seq.*

14.     Any allocation of fault by the jury, must be apportioned pursuant to the proportion of fault by any party or non-party.

15.     These Answering Defendants are entitled to an immunity and/or privilege that is absolute and/or qualified which protects individuals when reporting crimes to the police.

16.     Probable cause existed.

17.     Plaintiff assumed all risks.

Respectfully submitted,

**REMINGER CO., L.P.A.**

*s/Thomas A. Prislipsky*
THOMAS A. PRISLIPSKY (0067623)
950 Windham Court Suite 200
Youngstown, Ohio 44512
(330) 744-1311/(330) 744-7500 fax
tprislipsky@reminger.com

Patrick Kasson (0055570)
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311/(614) 232-2410
pkasson@reminger.com

*Attorneys for Defendants Bon Secours Mercy Health, Mercy Health Youngstown LLC d/b/a St. Joseph Warren Hospital, Connie Moschell, Jordan Carrino and Parisa Khavari*

## JURY DEMAND

Defendants hereby demand a trial by jury of eight (8) jurors as to all issues.

*s/Thomas A. Prislipsky*
THOMAS A. PRISLIPSKY (0067623)
PATRICK KASSON (0055570)
*Attorneys for Defendants Bon Secours Mercy Health, Mercy Health Youngstown LLC d/b/a St. Joseph Warren Hospital, Connie Moschell, Jordan Carrino and Parisa Khavari*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically this 25th day of March, 2025. All parties will receive notice of this filing by operation of the Court's electronic filing system.

<p style="text-align:center; margin-left:40%;">
<u>s/Thomas A. Prislipsky</u><br>
THOMAS A. PRISLIPSKY (0067623)<br>
PATRICK KASSON (0055570)
</p>