UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY WATTS, | ) | CASE NO. 4:25-cv-49 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BON SECOURS MERCY HEALTH, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On August 1, 2025, plaintiff Brittany Watts sought leave to file a first amended complaint to add party defendants identified during discovery. (Doc. No. 28 (Motion to Amend).) Plaintiff's counsel represents that they learned, following an exchange of initial written discovery responses, that defendant Connie Moschell purportedly contacted Suzanne Zupko ("Zupko")[1] and Fred Raines ("Raines")[2] before calling 911, and these individuals advised her to call the authorities and report that plaintiff had committed a crime. (Doc. No. 28, at 2; *see* Doc. No. 1 (Complaint) ¶ 53.) Plaintiff now seeks leave to add Zupko and Raines as party defendants. (Doc. No. 28, at 2.) Defendants did not file a response to plaintiff's motion to amend, and the time for filing an opposition to the motion has passed.

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). "The court

---

[1] Zupko worked at defendant St. Joseph Warren Hospital (the "Hospital"). (Doc. No. 28, at 2.)

[2] Raines was a police officer at the Hospital. (Doc. No. 28, at 2.)

should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330–32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util*., 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co*., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co*., 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the [amendment] would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662–63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds that justice so requires the grant of leave to plaintiff. In so ruling, the Court finds no evidence of significant prejudice to the opposing parties, a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. The request to amend

has been filed before the expiration of the deadline to add parties or amend the pleadings and with more than two months left in non-expert discovery. (*See* Doc. No. 17 (Case Management Plan and Trial Order), at 1 (setting August 1, 2025, as the deadline to add parties and amend pleadings, and setting October 28, 2025, as the deadline for completing non-expert discovery).) Additionally, there is no evidence to suggest that the amendment will cause defendants to expend significant additional expenses conducting discovery, and plaintiff has not demonstrated a repeated failure to cure deficiencies in the pleadings.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court grants plaintiff's motion. On or before August 22, 2025, plaintiff shall file the amended complaint attached to her motion at Doc. No. 28-1.

**IT IS SO ORDERED**.

Dated: August 19, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3