IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

BRITTANY WATTS,

    Plaintiff,

vs.                          CASE NO.: 4:25-CV-00049

BON SECOURS MERCY HEALTH; MERCY HEALTH YOUNGSTOWN LLC

D/B/A ST. JOSEPH WARREN HOSPITAL; CONNIE MOSCHELL;

JORDAN CARRINO; PARISA KHAVARI; SUZANNE ZUPKO; FRED

RAINES; CITY OF WARREN, OHIO; NICHOLAS CARNEY; UNKNOWN

OFFICERS, and UNKNOWN MEDICAL PROFESSIONALS,

    Defendants.

DEPOSITION OF

GIL BLAIR

January 20, 2026

10:13 A.M. ET

Remote Proceeding

Ellina DeLillo, 2025-RE-885927



**Kentuckiana Reporters**
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

KENTUCKIANA
— COURT REPORTERS —

**502.589.2273 Phone**
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

A.   Well, it's not the -- it's not the prosecutor's job to play judge and jury and make an ultimate decision.  We look to be -- we have to make a determination, is there probable cause to believe the offense has been committed?  You know, there's a lot of safeguards in the process.  Because once we make that initial decision and, you know, evidence may develop both ways as the case proceeds on, whether there's counsel involved or whether other evidence is discovered.  And, you know, obviously a prosecutor, if there is exculpatory evidence, we -- we certainly present that and -- and -- as the process moves forward.

**Q.   So while you're having this conversation with Detective Carney, did you make the decision to approve charges there on the spot?**

A.   Yeah.  I think there was not a -- there wasn't a question at that point whether there was going to be a charge.  It's whether it was going to be the misdemeanor or the felony.  And, you know, looking at what I was looking at, I thought, you know, it's not my job to make the decision of what might offend a -- a community standard.  You know, let's -- you know, the judge can make that decision at a prelim, you know, or -- or something, you know, could happen there.

**Q.   Okay.  So when you said the -- there wasn't a**



Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
— COURT REPORTERS —

question about whether there was going to be a charge, the question was just whether it was a misdemeanor or the felony, can you elaborate on that?

A. Well, once I looked at the statutes, you know, offending family standards, offending, you know, community standards, that's where it came in, that, you know, this was, you know, in my view that we had a human body that was -- it was stuffed in a toilet. And I, you know, based on what we had there, I thought this should be -- be looked at.

Q. And did you make that decision there on the spot, or did you take some time to think about it?

A. I think I researched the statutes, and at that point in time, I authorized the charge.

Q. And was that all while Detective Carney was there waiting, or did you get back to him later in the day with a decision?

A. No, I think I made it -- I think I looked at the law while he was there and made the call.

Q. Okay. And sorry, I might have asked this, so forgive me if I have, but did you listen to the recording of his interrogation with Brittany Watts?

A. I -- I indicated that no, I hadn't.

Q. Okay. Did you read a transcript of his interrogation with Brittany Watts?



Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

KENTUCKIANA
— COURT REPORTERS —

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

the statute in front of me.

Q. Okay. So you understood, in 2023, there to be an intent element to that statute; is that right?

A. Well, knowingly or intentionally, yeah, I believe. I -- I -- and I would have to review the statute on that subject.

Q. Okay. So let's take a look at it, actually. I'm going to put this up. Okay. Can you see this document on your screen -- or this website?

A. Uh-huh.

Q. Okay. So this is the Ohio Revised Code, Section 2927.01, Abuse of a Corpse.

A. Yes.

Q. And this is effective date of July 1st, 1996. Is this the statute that you were looking at when you decided to charge abuse of a corpse?

A. Yes, I believe so.

Q. Okay. And you said one of the things that you were considering was whether it would outrage family sensibilities or community sensibilities?

A. Yeah, the -- and the family sensibilities is the misdemeanor, and the community sensibilities is the felony.

Q. Okay. And so you were deciding between Section A and Section B of this statute?

Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

KENTUCKIANA
— COURT REPORTERS —

A.   Correct.

Q.   Okay.  And so you said that you looked at the statute, and had you ever charged an abuse of corpse charge before?

A.   I don't believe I had ever charged one.  I think there was -- I -- I -- I -- I was familiar with a case that had gone through.  I was not the charging prosecutor.

Q.   Okay.  What were you familiar with about that previous case?

A.   Well, one of the cases was a young girl -- and it's been many years ago.  It -- it's probably back to the late '80s, early '90s, somewhat similar situation.  Her name -- I -- I think her name was Danielle Lentine, but she was charged.  And then I think there was a second case, but I just -- I was not as familiar with that.  I think -- I don't know if Prosecutor Timko handled that, or who the prosecutor was, but it -- it did not involve me.

I believe the Lentine case did go up as a felony, but that was before -- it may have been before I was a lawyer.  I only -- I was familiar with that because I'm familiar with the person who was charged. I had, you know, encountered her while in high school, just in passing, and I knew the name.

Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

KENTUCKIANA
— COURT REPORTERS —

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

Case: 4:25-cv-00049-SL  Doc #: 113-6  Filed: 08/07/26  6 of 8  PageID #: 6305
The Deposition of GIL BLAIR, taken on January 20, 2026

64

Q.   Okay.  So you looked at this section of the code, and you were deciding which one of these statutes -- or which one of these sections to charge.  Based on this, what elements were you looking to satisfy, or to make sure that there was evidence to satisfy?

A.   Okay.  So what I had looked at in this case was, you know, a person, which would've been, you know, Brittany Watts, except as authorized by law, which there was, you know, that -- and then shall treat a human corpse in a -- in a way that would outrage reasonable community sensibilities, and, you know, flushing a human body down a toilet, you know, I -- I thought, would likely outrage community's sensibilities, and I thought this was something that, you know, the Court -- it should be charged, and the Court should look at it.

Q.   And did you have an understanding about the legal definition of a human corpse at the time you decided to approve charges on this case?

A.   Well, I mean, is -- when you look at the definitions of human corpse, I think it's a -- a -- a deceased human being.

Q.   Okay.  And were you curious at all, or did it enter your thought process about whether a deceased fetus would qualify as a human corpse?

A.   Well, I think in this case, we had -- you

Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606


KENTUCKIANA
— COURT REPORTERS —

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

know, we had an x-ray, we had photos, it was a complete body.  It had all the human features.  It had died, you know, in birth, or -- or just previous to birth, but I -- I -- I believed it was a human corpse and, you know, it met the definition of a corpse.

Q.   Okay.  Did you do any research about the legal definition of the phrase, "human corpse" --

A.   Just --

Q.   -- at the time you decided to approve charges?

A.   I -- just, you know, cursory.  I -- I think I looked at some things on what constitutes a corpse, and it fell into that definition that we talked about.

Q.   And you did that research while Detective Carney was in your office seeking charges?

A.   Yeah, I -- I mean, we, you know, I looked at the -- the law and, you know, that was, you know, the -- what I had analyzed, and -- and I just made the decision to make the charge.

Q.   And did you discuss with Detective Carney this phrase, "human corpse," and whether the fetus in Ms. Watts's case satisfied that definition?

A.   To be honest, there was not a lot of discussion of that particular issue.  It -- from the photos we had, it -- it appears to be an obvious scenario.

Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

KENTUCKIANA
— COURT REPORTERS —

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com

CERTIFICATE OF REPORTER

STATE OF OHIO

I do hereby certify that the witness in the foregoing transcript was taken on the date, and at the time and place set out on the Stipulation page hereof, by me after first being duly sworn to testify the truth, the whole truth, and nothing but the truth; and that the said matter was recorded digitally by me and then reduced to typewritten form under my direction, and constitutes a true record of the transcript as taken, all to the best of my skill and ability. I certify that I am not a relative or employee of either counsel and that I am in no way interested financially, directly or indirectly, in this action.



ELLINA DELILLO

COURT REPORTER/NOTARY

MY COMMISSION EXPIRES: 03/21/2027

SUBMITTED ON:  01/26/2026

Kentuckiana Reporters
110 North Wacker Drive, Suite 2500
Chicago, IL 60606

KENTUCKIANA
— COURT REPORTERS —

502.589.2273 Phone
502.584.0119 Fax
schedule@kentuckianareporters.com
www.kentuckianareporters.com