**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRITTANY WATTS,<br><br>Plaintiff,<br><br>vs.<br><br>BON SECOURS MERCY HEALTH, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:25-cv-49<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court on plaintiff Brittany Watts's "Brief in Support of Confidentiality Designations and Sealing" (Doc. No. 119 (Motion)), which the Court construes as a motion to maintain certain records on the docket under seal. Defendants Bon Secours Mercy Health, Parisa Khavari, Mercy Health Youngstown LLC d/b/a St. Joseph Warren Hospital, and Connie Moschell (collectively, "Hospital Defendants"), while not formally opposing, filed a response. (Doc. No. 120 (Response).) For the reasons discussed below, the motion is GRANTED in part and PROVISIONALLY GRANTED in part.

## I. BACKGROUND

After having written multiple opinions in this case (Doc. Nos. 29, 73–74, 95, 105), the Court presumes the parties are well-acquainted with the background facts. As relevant to the pending motion, Watts brings multiple claims against Hospital Defendants, including claims under 42 U.S.C. § 1983 stemming from Hospital Defendants' alleged role in Watts's prosecution following her miscarriage in September 2023 and a claim for medical negligence stemming from care she received (or did not receive) in connection with her miscarriage at St. Joseph Warren

Hospital. (*See* Doc. No. 97 (Second Amended Complaint) ¶¶ 98–120, 153–157.)

On August 5, 2026, two days before summary judgment motions were due, Hospital Defendants filed a motion requesting leave to file certain medical records and photos under seal with their summary judgment motion. (Doc. No. 103 (Motion for Leave to File Under Seal).) The motion was limited and largely based on Watts's designation of the at-issue documents as confidential.[1] (*Id.* at 1–2.) In its ruling on the motion, the Court noted that Hospital Defendants failed to meet the requirements for filing under seal. (Doc. No. 105 (Order on Sealing), at 2.) Nonetheless, recognizing that the privacy interest at stake was truly Watts's, the Court granted the seal temporarily to provide Watts an opportunity to be heard on the matter. (*Id.* at 4.)

Watts has filed a brief on the matter. (Doc. No. 119.) Watts requests (1) that the photos of Watts's deceased fetus (Doc. Nos. 109-6–109-7; 109-11–109-12; 115-1 (Photos))[2] filed with Hospital Defendants' motion for summary judgment remain under seal and (2) that the medical records (Doc. Nos. 109-2–109-3; 109-9–109-10; 109-13–109-30; 112-1 (Medical Records)) filed with Hospital Defendants' summary judgment motion remain under seal and that the parties be permitted to file public versions of those records with agreed-upon redactions of irrelevant information.

[1] According to Hospital Defendants, Watts recently marked the at-issue documents as confidential despite the documents having been produced months ago without a confidentiality designation. (Doc. No. 103 (Motion for Leave to File Under Seal), at 1–2.) In her brief, Watts does not appear to dispute this. (*See generally* Doc. No. 119.) Thus, it appears that this last-minute sealing issue (and the resultant complication of summary judgment briefing) was of Watts's making.

[2] While Watts does not specify in her briefing, the Court presumes that Watts also seeks to keep sealed those photos that, while not depicting her deceased fetus, depict other remains from her miscarriage. (Doc. Nos. 109-4–109-5; 109-8 (Photos of Other Remains).)

## II. LEGAL STANDARD

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1179 (6th Cir. 1983)). Indeed, the public has a powerful interest in viewing court records, grounded primarily in its interest in viewing "the litigation's result[,]" "the conduct giving rise to the case[,]" and the "evidence and records the District Court . . . relied upon in reaching [its] decisions." *Id.* (citations omitted).

Resultantly, a party seeking to seal documents on the docket bears a heavy burden. *Id.* (citation omitted). Indeed, in cases like this one that have garnered particular public interest, the burden is particularly high. *Id.* ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to [seal]." (citation omitted)). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted). Even where this standard is met, the requested seal must be narrowly tailored. *Shane Grp.*, 825 F.3d at 305 (citation omitted). In total, one seeking to seal records on the docket must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

## III. DISCUSSION

As discussed above, Watts seeks to have two categories of documents maintained under seal and/or redacted: photos of her deceased fetus and other remains from her miscarriage and her

medical records. Because these categories raise separate privacy interests and because Watts seeks slightly different relief as to each category, the Court analyzes each separately.

**a. Photos**

Watts first seeks to have photos of her deceased fetus and other remains from her miscarriage maintained under seal. As discussed below, Watts provides sufficient justification for sealing the photos.

*i. Compelling Interest*

To begin, Watts has a compelling interest in protecting these photos from public view. While the Court cannot locate any binding or persuasive authority on the precise issue of one's privacy interest in photos of their miscarriage and deceased fetus, courts have long recognized a dignitary privacy interest in photos of deceased relatives. *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 168–69, 124 S. Ct. 1570, 158 L. Ed. 2d 319 (2004) (collecting cases). Families have a "personal stake in honoring and mourning their dead and objecting to unwarranted public exploitation that, by intruding upon their own grief, tends to degrade the rites and respect they seek to accord to the deceased person who was once their own." *See id.* at 168.

The Court sees little reason why this privacy interest should not extend to the photos at issue. Watts has a personal stake in mourning her loss and avoiding unwarranted intrusions upon her grief. Accordingly, Watts identifies a sufficiently compelling interest for this first part of the sealing analysis. *See Prison Legal News v. Exec. Off. for U.S. Att'ys*, 628 F.3d 1243, 1253 n.9 (10th Cir. 2011) (making provisional seal on autopsy photos permanent after identifying surviving family's interests under *Favish*); *Griswold v. Trinity Health-Michigan*, No. 22-cv-10980, 2025 WL 1084923, at *2 (E.D. Mich. Apr. 10, 2025) (recognizing family's "compelling privacy

interest" in photographs of decedent's body).

*ii. Public Interest*

Next, Watts's interest in these photos outweighs the public's interest in seeing them. Sealing the at-issue photos will not substantially hinder any of the public interests identified in *Shane Grp*. Sealing the photos will not hinder the public's ability to see "the litigation's result[.]" *Shane Grp.*, 825 F.3d at 305. Indeed, the public will still be free to view any decisions reached in this case. Neither will sealing substantially hinder the public's ability to understand "the conduct giving rise to the case" or the "evidence and records the District Court . . . [may rely] upon in reaching [its] decisions." *Id.* The photos (and their subject matter) are described in portions of the public docket (*see, e.g.,* Doc. No. 114 (Hospital Defendants' Unsealed Summary Judgment Motion), at 32; Doc. No. 114-14 (Blair Depo.), at 13; Doc. No. 114-13 (Carney Depo.), at 15, 18; Doc. No. 113-5 (Carney Depo.), at 42), the parties can continue describing the photos in briefing summary judgment, and the Court can, of course, describe any evidence upon which it bases its decisions in this case.

Thus, even if the photos are sealed, the public will still have ample ability to adduce the case's result, the conduct giving rise to the case, and the evidence before the Court. Because sealing these photos will not substantially hinder the public's interest in this case, Watts's dignitary privacy interest in protecting the photos from public view outweighs the public's interest in viewing them. *See Griswold*, 2025 WL 1084923, at *2 ("[T]he public's right to view the images of the decedent's body does not outweigh [the decedent's and surviving family's] compelling privacy interest. The [c]ourt's decision on the . . . summary judgment motion, and the motion papers themselves, sufficiently relate the circumstances surrounding the decedent's death.").

*iii. Narrow Tailoring*

Finally, Watts's requested relief of sealing the photos is narrowly tailored to serve her compelling interest. Logically, when one has a compelling privacy interest in the whole of a photograph, nothing short of sealing the photo can serve that privacy interest. Here, Watts does not claim a privacy interest in just a portion of these photos—she claims a privacy interest in the whole of each photo because they each depict her deceased fetus and other remains from her miscarriage. Accordingly, nothing short of sealing the photos can protect her privacy interest, *cf. M.G.M. by & through Mabe v. Keurig Green Mountain, Inc.*, No. 1:22-cv-36, 2022 WL 6170557, at *4 (M.D.N.C. Oct. 7, 2022) ("[N]o lesser alternative to sealing would adequately protect [minor's privacy interest in medical records and photographs of minor's injuries]."), and the seal is narrowly tailored.

Having considered Watts's interest in protecting the photos from public view, the public's interest in viewing these photos, and the tailoring of the requested seal, there are sufficient grounds to maintain the photos under seal. The photos (Doc. Nos. 109-4–109-8; 109-11–109-12; 115-1) and Hospital Defendants' sealed motion for summary judgment (Doc. No. 115 (Hospital Defendants' Sealed Motion for Summary Judgment)), which contains unredacted copies of some of these photos, will remain under seal.

**b. Medical Records**

Watts next seeks to keep sealed the medical records Hospital Defendants filed with their summary judgment motion (Doc. Nos. 109-2–109-3; 109-9–109-10; 109-13–109-30; 112-1) and leave to file a public version of these same records with redactions of irrelevant information. As discussed below, Watts provides sufficient justification for the narrowly tailored relief sought.

*i. Compelling Interest*

Watts has a compelling privacy interest in medical information irrelevant to this case. Courts in the Sixth Circuit recognize a compelling privacy interest in medical information. *See Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022) (collecting cases). While such privacy interest is waived when a litigant files a suit making their medical information relevant, *see Doe v. Brooks Auto. US LLC*, No. 3:24-cv-1284, 2025 WL 936659, at *4 (M.D. Tenn. Mar. 27, 2025) (collecting cases), courts recognize that filing suit does not waive one's privacy interest in medical information *irrelevant* to the claims. *See Turnbow-Avery v. Dejoy*, No. 1:23-cv-571, 2025 WL 296331, at *3 (S.D. Ohio Jan. 24, 2025) (allowing plaintiff to redact medical records where court had "no reason to believe that the particulars of plaintiff's private health information are relevant to the public's understanding of the disposition of this matter"); *cf. Dixon v. Exel, Inc.*, No. 2:24-cv-1891, 2025 WL 1903778, at *3 (S.D. Ohio July 10, 2025) (denying motion to redact medical records where "[p]laintiff makes no attempt to differentiate between medical information necessary to the [c]ourt's decision or *irrelevant medical information that may warrant redacting*" (emphasis added)); *Lockhart v. Marietta City Schs.*, No. 2:19-cv-2935, 2020 WL 5887005, at *2 (S.D. Ohio Oct. 5, 2020) (denying motion to seal medical records after court reviewed records and found no "information potentially irrelevant to the issues in this case").

Here, Watts waived her privacy interest in some of her medical information by filing the present suit, which includes a claim for medical negligence. (*See* Doc. No. 97 ¶¶ 153–157.) But Watts only seeks to redact medical information irrelevant to her claims. (Doc. No. 119, at 3 (proposing redaction of "irrelevant information from the medical records").) If the information she

seeks to redact is truly irrelevant to her claims, then she maintains a compelling privacy interest in the information. *See Turnbow-Avery,* 2025 WL 296331, at *3 (granting motion to seal irrelevant medical information).

*ii. Public Interest*

Watts's privacy interest in her irrelevant medical information outweighs the public interest in seeing it. Redacting irrelevant information from Watts's medical records will not hinder the public's interest in this case. The public will still be able to see "the litigation's result[.]" *Shane Grp.*, 825 F.3d at 305. And, if the redacted information is truly irrelevant, then it should have nothing to do with "the conduct giving rise to the case[,]" and it will likely not be "evidence and records the District Court . . . relie[s] upon in reaching [its] decisions." *Id.*

Thus, the public will still have ample opportunity to see this case's result, the conduct giving rise to the case, and the evidence considered by the Court even if Watts's irrelevant medical information is redacted. Because redacting the irrelevant information will not substantially hinder the public's interest in this case, Watts's privacy interest in the information outweighs the public's interest in seeing it. *See Turnbow-Avery,* 2025 WL 296331, at *3 (granting motion to seal irrelevant medical information).

*iii. Narrow Tailoring*

On its face, Watts's request that only irrelevant medical information be redacted is narrowly tailored to protect her interest in such information. *See also Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-cv-851, 2025 WL 1151680, at *5 (W.D. Ky. Apr. 18, 2025) (finding redaction of irrelevant information narrowly tailored). The Sixth Circuit, however, requires a "document by document" analysis, *Shane Grp.*, 825 F.3d at 305

(quotation marks and citation omitted), and Watts has not provided a document by document justification for any proposed redactions. Instead, she proposes that the parties undertake a collaborative document by document analysis in an attempt to reach agreement on what information in Watts's medical records are irrelevant and thus appropriately redactable. (Doc. No. 119, at 3.)

The Court cannot appropriately judge Watts's proposed redactions until it sees them. Nonetheless, the Court recognizes that Watts seeks to conduct the appropriate document by document analysis through a collaborative process with leave from the Court. Accordingly, the Court will provisionally grant Watts's request for leave to file redacted versions of her medical records. But the Court will retain the power to order (1) the parties to brief the propriety of any particular redactions and (2) the unredacting of any redacted information it finds relevant to the case without notice to the parties.

Having considered Watts's interest in protecting irrelevant medical information from public view, the public's interest in viewing such information, and the tailoring of the requested redactions, there are sufficient grounds to provisionally permit the requested redactions. The unredacted medical records (Doc. Nos. 109-2–109-3; 109-9–109-10; 109-13–109-30; 112-1) shall remain under seal, and the parties will be granted leave to file public versions of these documents with irrelevant information redacted.

**c. Hospital Defendants' Arguments**

Hospital Defendants "defer to the Court's judgement" on this matter (Doc. No. 120, at 1) but nonetheless raise a few arguments on the requested sealing and redactions. (*See generally id.*) The Court addresses them below.

Hospital Defendants first note that this case has garnered particular public attention, at least some of which was stoked by Watts. (Doc. No. 120, at 1–3.) According to Hospital Defendants, Watts's counsel issued a "hyperbolic press release" that set off "a media and internet firestorm" that militates against sealing. (*Id.* at 2.) While the Court has no comment on Hospital Defendants' characterization of counsel's press release and the media coverage of this case, the Court does recognize that this case has garnered increased public attention. This increased public attention, however, was already considered in the Court's preceding analysis. Even considering the public's heightened interest in this case, the Court found Watts's privacy interest sufficiently compelling to warrant her narrowly tailored relief.

Hospital Defendants also suggest that the documents should be filed publicly because they push back against certain falsehoods Hospital Defendants believe Watts made publicly. (Doc. No. 120, at 3–4.) While the complaint does contain inflammatory information that goes well beyond Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Court will not allow plaintiff's gratuitous pleading excesses to distract from the claims that are buried within and cautions plaintiff from engaging in such further distracting rhetoric. Time will tell whether plaintiff's rhetoric is borne out by the facts, but the Court does not appreciate when any party attempts to litigate a case by employing unnecessary incendiary and provocative language.

## IV. CONCLUSION

Watts's request that her medical information and photos of her deceased fetus and other remains from her miscarriage remain sealed (Doc. No. 119) is GRANTED in part and PROVISIONALLY GRANTED in part. The photos of Watts's deceased fetus and other remains

of the miscarriage (Doc. Nos. 109-4—109-8; 109-11–109-12; 115-1) shall remain under seal, and Hospital Defendants' sealed motion for summary judgment (Doc. No. 115), which contains unredacted copies of some of these photos, shall remain under seal. The medical records (Doc. Nos. 109-2–109-3; 109-9–109-10; 109-13–109-30; 112-1) shall remain under seal. The parties are directed to meet and confer in good faith and, no later than September 11, 2026, file unsealed versions of Watts's medical records with irrelevant medical information redacted.[3] The Court retains authority to order (1) the parties to brief the propriety of any particular redactions and (2) the unredacting of any redacted information it finds relevant to the case without notice to the parties.

**IT IS SO ORDERED**.

Dated: September 1, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[3] If any of the medical records filed with Hospital Defendants' motion for summary judgment contain no relevant information, the parties may elect to omit the medical record from the filing rather than redacting the entire document. If the parties elect to do so as to any medical records, the Court retains authority to order (1) the parties to brief the propriety of any particular omissions and (2) the public filing of any omitted medical records it finds relevant to the case without notice to the parties.